IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAMELA J. REED, | ) | 4:08CV3132 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| RICHARD A. KUCERA | ) | |
| d/b/a KUCERA PAINTING, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Pamela J. Reed ("Reed"), is a former employee of the defendant, Richard A. Kucera d/b/a Kucera Painting ("Kucera"). Reed alleges (1) that she was paid a lower hourly rate than similarly situated male employees, in violation of (a) the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125, (b) Nebraska equal pay law, Neb. Rev. Stat. §§ 48-1219 to 48-1227, (c) the Nebraska civil rights statute, Neb. Rev. Stat. § 20-148; (d) the Equal Pay Act of 1963, 29 U.S.C. § 206, and (e) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; (2) that because of her gender she was not consistently provided a company car and was not issued a credit card to pay for work related travel expenses, in violation of NFEPA, Title VII, and § 20-148; and (3) that her employment was terminated in retaliation for exercising rights under these state and federal statutes.

Kucera has moved for summary judgment, contending (1) that Reed cannot establish a prima facie case of discrimination or retaliation, and, in any event, there were legitimate, nondiscriminatory reasons for Kucera's actions; (2) that Reed cannot sue for alleged violations of Neb. Rev. Stat. § 20-148; (3) that NFEPA and Title VII discriminatory compensation claims are time-barred because Reed's charges were filed with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC") more than 300 days after the

compensation decisions were made by Kucera; and (4) that Reed failed to exhaust her administrative remedies regarding certain claims. The motion will be granted with respect to the second contention, but otherwise will be denied.

Regarding Kucera's first contention, that Reed cannot establish a prima facie case or prove pretext, there are genuine issues of material fact that preclude the entry of summary judgment, and the court concludes that further discussion would not be beneficial. *See* Civil Justice Delay and Expense Reduction Plan, ¶ 12 (U.S. Dist. Ct., D. Neb., Nov. 1993) ("When motions for summary judgment are considered by a district judge and are denied on the ground that a genuine issue of material fact exists for trial, the court will issue a short opinion so stating, rather than a lengthy opinion canvassing the materials on file in support of or opposition to the motion.").

Reed alleges in both counts of her second amended complaint[1] (filing 58, ¶¶ 2, 17, 20) that she was discriminated against in violation of Neb. Rev. Stat. § 20-148.[2] "However, § 20-148 is a procedural statute which does not create any new substantive rights." *Goolsby v. Anderson*, 549 N.W.2d 153, 157 (Neb. 1996). "Section 20-148 was enacted so that plaintiffs seeking to vindicate rights already existing under constitutional or statutory law could avoid the review procedures of agencies like NEOC." *Id.*, at 157-158. "In § 20-148, the Legislature created an alternative method

---

[1] Although the second amended complaint was filed after the pending motion for summary judgment, it only changed the name of the defendant from "Kucera Painting" to "Richard A. Kucera d/b/a Kucera Painting." The court therefore will treat the motion for summary judgment as if it were filed with reference to the second amended complaint.

[2] Section 20-148 provides that "[a]ny person or company . . . who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person." Neb. Rev. Stat. § 20-148(1).

for pursuing civil rights claims that are defined elsewhere in constitutional or statutory law." *Id.*, at 158. Because Reed does not purport to be suing Kucera under this procedural statute for the alleged NFEPA violations (as opposed to suing directly under NFEPA),[3] the motion for summary judgment will be granted with respect to the complaint's § 20-148 references.

Kucera makes an argument that the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (Jan. 29, 2009), "does not apply to any claim of discrimination in compensation by Plaintiff under Title VII that was pending before May 27 [sic], 2007."[4] (Filing 32, at 31 n. 1.) This argument misconstrues the Act's retroactivity provision. Congress provided that the Act was to "take effect as if enacted on May 28, 2007," one day before the issuance of the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), and would "apply to all claims of discrimination in compensation under title VII . . . that are pending on or after that date." Pub. L. No. 111-2, § 6. In other words, the Act effectively nullified the *Ledbetter* decision, in which the Supreme Court had held that

---

[3] NFEPA authorizes a person who has filed a charge with the NEOC to file suit "at any stage of the proceedings prior to dismissal," Neb. Rev. Stat. § 48-1119(4), or within "ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01.

[4] The Ledbetter Act amended Title VII by adding the following provision to 42 U.S.C. § 2000e-5(e):

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

"a new Title VII violation does not occur and a new charging period is not triggered when an employer issues paychecks pursuant to a system that is 'facially nondiscriminatory and neutrally applied.'" *Ledbetter*, 550 U.S. at 637 (quoting *Lorance v. AT&T Technologies*, 490 U.S. 900, 911 (1989)).

Finally, Kucera argues that Reed failed to exhaust her administrative remedies because even though the discrimination charge filed jointly with the NEOC and EEOC on November 7, 2007, alleged that throughout her employment, from April 2000 until September 27, 2007, Reed had been paid less and received fewer benefits than her male coworkers, there was also an indication on the form that the discrimination took place at the earliest "9/01/07" and at the latest "9/28/07," and the "continuing action" box was not checked. There is no merit to this contention. "In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally 'in order not to frustrate the remedial purposes of Title VII,' *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir.1988), and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. American Nat. Ins. Co.*, 154 F.3d 875, 886-87 (8th Cir. 1998). The allegations of Reed's second amended complaint are substantially the same as the allegations of the EEOC charge, and Kucera was sufficiently informed of the subject matter of the charge and the basis for Reed's claims.

IT IS ORDERED that the defendant's motion for summary judgment (filing 31) is granted in part and denied in part, as follows:

    1.    The motion is granted insofar as the plaintiff alleges that the defendant violated Neb. Rev. Stat. § 20-148; and

    2.    In all other respects, the motion is denied.

May 20, 2009.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge